IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Robert Starkweather d/b/a Star Farms, ) | Civil Action Number: 3:10-1978-CMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | **OPINION and ORDER** |
| ) | |
| Carolina Veg, Inc., James Brittain, and ) | |
| Phillip C. Jones, each individually, ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| Carolina Veg, Inc., ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| -versus- ) | |
| ) | |
| Robert Starkweather d/b/a Star Farms, ) | |
| ) | |
| Counter-Defendant. ) | |
| _____) | |

On October 26, 2011, the court received a letter from Plaintiff and Counter-Defendant Robert Starkweather ("Plaintiff"). Because the letter seeks action by the court, the court construes it as a motion and directs the Clerk of Court to enter it as a motion for extension of time and relief from default.

There is no indication that Plaintiff forwarded a copy of this letter to Defendants' counsel. Thus, the "motion" was not properly served. In this one instance, the court cures this deficiency by serving a copy on Defendants through the court's electronic filing system. Plaintiff is, however, directed that it is his responsibility to ensure proper service of any future submission to the court.

Plaintiff seeks two forms of relief. First, he requests an extension of time because he is

1

"without counsel and currently seeking another one." Plaintiff also requests that the court set aside any order dismissing the case *if* an order of dismissal has been entered. The court considers these requests as (1) a motion to postpone the November 28, 2011 hearing on Defendant Carolina Veg, Inc.'s ("Carolina Veg, Inc.") counterclaims, and (2) a motion for relief from the court's October 4, 2011 order dismissing Plaintiff's claims with prejudice. Plaintiff was given notice both of the dismissal of his claims and the hearing date on Carolina Veg, Inc.'s counterclaims by order entered October 4, 2011. Dkt. No. 93.[1] For the reasons stated below, the court denies Plaintiff's motions.

## BACKGROUND

The following outlines the relevant history of this case:

- July 28, 2010          Through counsel, Plaintiff filed a complaint asserting causes of action under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e, as well as certain state law claims.[2] Attorneys Jonathan Milling and Priscilla Grannis signed the complaint. Dkt. No. 1.

- September 22, 2010     Defendants answered the complaint and Carolina Veg, Inc. asserted counterclaims[3] of breach of contract and unjust enrichment against Plaintiff. Dkt. No. 35.

- October 8, 2010        The court entered a scheduling order. Dkt. No. 39.

---

[1] By order dated October 4, 2011, the court dismissed Plaintiff's claims with prejudice for failure to comply with the court's deadlines. A separate bench trial notice was issued on that same date, scheduling a trial on Carolina Veg, Inc.'s counterclaims for November 28, 2011 at 1:30 p.m. That notice directed the parties to furnish pretrial briefs, including a detailed exhibit list, no later than November 14, 2011. The court mailed copies of the dismissal order and hearing notice to Plaintiff on October 4, 2011, using his last known address as provided to the court. Plaintiff has, therefore, been on notice of the dismissal of his claims and the hearing on Carolina Veg's counterclaims since early October 2011.

[2] Plaintiff waived his right to a jury trial as to any state law claims. Dkt. No. 2 at 1.

[3] Defendants also waived their right to a jury trial. Dkt. No. 37 at 2.

2

- October 13, 2010     Plaintiff answered the counterclaims.  Dkt. No. 40.

- February 23, 2011    The parties participated in mediation and appeared to make progress. However, the case was not settled.  Dkt. No. 50.

- March 21, 2011       The court entered a consent amended scheduling order, which set a trial date on or after November 15, 2011.  Dkt. No. 54.

- June 7, 2011         Jonathan Milling and Priscilla Grannis filed a motion to withdraw as counsel for Plaintiff.  Counsel stated that Plaintiff failed to meet his financial obligations to counsel and failed to cooperate and provide assistance to counsel regarding his case.  Dkt. No. 60.

- June 28, 2011        After the deadline for responding to the motion to withdraw expired without any objection from Plaintiff, the court granted the motion, and referred the case to a Magistrate Judge.  The court also directed Plaintiff to notify the Clerk of Court in writing of any address change. Dkt. No. 69.  Plaintiff was mailed a copy of the order granting the motion to withdraw as counsel, referring the case to a Magistrate Judge, and requiring Plaintiff to notify the Clerk of any change of address.  Dkt. No. 71.

- June 29, 2011        The court entered an order withdrawing its reference to a Magistrate Judge.  Because Plaintiff was then proceeding without counsel, the court also reminded "Plaintiff . . . that failure to comply with deadlines pertaining to trial contained in the Consent Amended Scheduling Order entered March 21, 2011, . . . and deadlines contained in other orders and/or notices and/or failure to appear for trial may result in dismissal of this matter with prejudice."  Dkt. No. 72.  A copy of this order was mailed to Plaintiff.  Dkt. No. 73.

- July 29, 2011        Defendants filed a motion in limine (Dkt. No. 77) and a certificate of service stating that Defendant had mailed Plaintiff a copy of Defendants' motion in limine at the address provided by Plaintiff (Dkt. No. 79).

- August 17, 2011      After the deadline for opposing Defendants' motion in limine expired without any response, the court granted Defendants' motion as unopposed.  Dkt. No. 83.  A copy of this order was mailed to Plaintiff.  Dkt. No. 84.

- August 23, 2011      Defendants filed pretrial disclosures, including a certificate of service stating that Plaintiff was mailed a copy of the disclosures at the

3

|   |   |   |
|---|---|---|
|   |   | address provided by Plaintiff. Dkt. No. 85. Plaintiff did not file any pretrial disclosures, despite the directives to do so in the scheduling order. |
| • | September 9, 2011 | The deadline passed for Plaintiff to object to Defendants' pretrial disclosures. Dkt. No. 86. |
| • | September 14, 2011 | The court directed Plaintiff to show cause why Plaintiff's claims should not be dismissed for failure to comply with deadlines contained in the consent amended scheduling order. Dkt. No. 87. The court mailed a copy of the order to show cause to Plaintiff. Dkt. No. 88. |
| • | October 4, 2011 | After the deadline for responding to the rule to show cause order expired without response, the court dismissed Plaintiff's claims with prejudice for failure to comply with the court's directives and deadlines. Dkt. No. 93. The court also scheduled a bench trial on Carolina Veg, Inc's counterclaims for November 28, 2011 at 1:30 p.m. Dkt. No. 95. The court mailed a copy of the order dismissing Plaintiff's claims and the notice of hearing to Plaintiff. Dkt. No. 96. |

**DISCUSSION**

The court has provided Plaintiff with every opportunity to advance his case on his own behalf (proceed "pro se") following his counsel's withdrawal, by mailing him copies of orders, reminding him of his duties, and warning him of deficiencies through issuance of a rule to show cause order. Despite these actions, Plaintiff has done nothing to advance his case, respond to Defendants' motion, comply with deadlines, or show cause why his claims should not be dismissed for non-compliance with court orders and deadlines. Nothing in Plaintiff's present filing suggests any excuse for these failures.[4] Under these circumstances, the court will not relieve Plaintiff from

---

[4] Plaintiff's letter bears a return address of 875 8th St. SE, Naples, FL 34117. Plaintiff's address on file with the Clerk of Court is Post Office Box 339, Immokalee, FL 34113. This raises some concern that Plaintiff may not have received all documents previously mailed to him, although this is far from certain as he may use both a post office box and street address. He could also have received forwarded mail if he closed his post office box. In any event, it is Plaintiff's obligation to keep the court informed of his address as noted in this court's earlier orders. **Out of an abundance**

default as to his claims.

Neither will the court postpone the November 28, 2011 hearing on Carolina Veg, Inc.'s counterclaims. Plaintiff has had four months to retain counsel since his former attorneys were allowed to withdraw. He was also sent notice of the hearing nearly two months in advance of the hearing date. While Plaintiff asks for additional time to obtain counsel, he does not indicate that he has made an effort to obtain counsel during the intervening period. Neither does he suggest any likelihood that he will be able to obtain replacement counsel if additional time is granted. Plaintiff is certainly free either to obtain counsel before the November 28, 2011 hearing or to appear on his own behalf (without counsel) at that hearing. The court will not, however, delay that hearing even if counsel is retained.[5]

For the reasons set forth above, the court denies Plaintiff's motion for relief from the court's November 4, 2011 order dismissing Plaintiff's claims with prejudice, and denies Plaintiff's motion to postpone the November 28, 2011 hearing on Carolina Veg, Inc.'s counterclaims.

The court reminds the parties that a bench trial is scheduled for November 28, 2011 at 1:30 p.m. in Courtroom # 2 at the Matthew J. Perry Court House, 901 Richland Street, Columbia, South Carolina. The trial will address only Carolina Veg, Inc.'s counterclaims and evidence will be limited as set forth in Dkt. No. 83 (granting Defendants' unopposed motion in limine, Dkt. No. 77). The parties are directed to furnish the court pretrial briefs (including exhibit lists) no later than

---

**of caution, the court will mail a copy of THIS ORDER to both addresses. Plaintiff is, however, WARNED that the court will not mail any future filings to the Naples address unless Plaintiff advises the court of a change of address.**

[5] The court notes that Carolina Veg, Inc. sought to shorten the time for the hearing. Dkt. No. 89. The court denied that request based, in part, on the parties' prior agreement to a scheduling order which set a "not-before date" for trial. Dkt. No. 90.

5

November 14, 2011, with the evidence limited as indicated above. Pretrial briefs shall be filed with the Clerk of Court as part of the public record and served on opposing parties.

**IT IS SO ORDERED**.

S/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 1, 2011